# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**RAYMEY VOSS**                                                                           **PLAINTIFF**

**v.**                      **No: 4:20-cv-00812 PSH**

**STEFFEN**                                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Plaintiff Raymey Scott Voss filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 7, 2020, while incarcerated at the Lonoke County Detention Center ("LCDC") (Doc. No. 2). At the Court's direction, Voss filed an amended complaint clarifying his claims (Doc. No. 6). In his amended complaint, Voss alleged that he informed defendant Deputies Steffen and Devore that he was being threatened by other inmates, that Steffen opened his and the other inmates' cell doors at the same time on March 22, 2019, and that he was then attacked by those other inmates. Voss further alleged that Jail Administrator Hodge failed to take corrective action after the attack. The Court dismissed Voss' claims against Devore and Hodge for failure to state a claim upon which relief may be granted. *See* Doc. Nos. 7 & 9. His failure-to-protect claim against Steffen was allowed to proceed, and service was ordered and obtained on him. *Id.*; Doc. Nos. 8 & 10.

Before the Court is a motion for summary judgment, a brief in support, and a statement of facts filed by Steffen claiming that Voss did not exhaust his administrative remedies before he filed this lawsuit (Doc. Nos. 16-18). Voss filed a response (Doc. No. 20). Steffen's statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that Steffen is entitled to judgment as a matter of law.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause

a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not, however, prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies depends on the grievance policy of the particular prison where the alleged events occurred. *See id.*

Steffen argues that he is entitled to summary judgment because Voss failed to exhaust his administrative remedies before he filed this lawsuit. *See* Doc. No. 17. In support of his motion for summary judgment, Steffen submitted an affidavit by Jail Administrator Kristi Flud (Doc. No. 18-1); requests and grievances submitted by Voss from May 22, 2018, to January 7, 2021 (Doc. No. 18-3); and a copy of the LCDC's policies and procedures (Doc. No. 18-4).

The LCDC has a grievance procedure in place for inmates to complain about alleged constitutional violations. Doc. No. 18-1 at 2; Doc. No. 18-4. That policy allows inmates to submit a written grievance using any paper, using a kiosk, or using a paper form that can be requested from jail staff. *Id.* The grievance is to be delivered to any staff member for prompt delivery to the jail administrator or his designee. Doc. No. 18-4 at 1. The policy further requires grievances to be reviewed immediately upon receipt to determine urgency. *Id.* Absent an emergency, grievances are to be investigated and resolved within a reasonable time. *Id.* The inmate is to be informed of the disposition of a non-emergency grievance within ten working days. *Id.* at 2. An inmate may appeal any response to the sheriff, who is required to respond in writing. *Id.* Finally, all grievances and responses are required to be placed in the inmate's jail file. *Id.*

Steffen submitted a record of the hundreds of grievances and requests Voss filed while he was incarcerated at the LCDC between May 22, 2018, to January 7,

2021. *See* Doc. No. 18-3. His numerous requests and grievances at the LCDC include complaints about dental issues, lack of exercise, the tv remote, and problems with other inmates. *Id.*

Voss alleges in this action that Steffen failed to protect him from an attack that occurred on March 22, 2019. Doc. No. 6 at 4-5. During the month of March 2019, Voss submitted 12 grievances. *See* Doc. No. 18-3 at 87-98. Of those 12 grievances, only one related to the attack in issue. *Id.* at 97. In that grievance, Voss stated, "i dont see how i get jumped by 2 people and not a thing happens to them but i get in trouble this is a ridiculous." *Id.*[1] M. Hodge responded to that grievance by stating, "when did this happen and why do you keep getting in fights?" *Id.* Voss submitted an appeal on March 25, 2019, stating, "friday around 5 pm keele said he sent you email and it was 3 people not 2 why do yall allow a lockdown pod to be open for the most part I didnt start this fight." *Id.* Hodge then responded, "We don't allow a lockdown pod to be open. I will look into this." *Id.*

This grievance is clearly related to the attack in issue, and complains that discipline that took place after the incident was not even-handed and that the lockdown pod was left open. It does not, however, claim that Steffen was made aware of threats against Voss from inmates in the next cell and opened both cells

---

[1] Grievances are transcribed verbatim without any corrections for misspellings or mistakes.

with such knowledge, allowing those inmates to attack him. Simply put, Voss did not claim in this grievance that Steffen failed to protect him from the alleged attack.

In his objections to Steffen's motion for summary judgment, Voss asserts that the jail staff do not always comply with the LCDC grievance procedures, resulting in the grievance process not being available to him. Specifically, Voss states that while he is familiar with the LCDC's grievance process, jail staff frequently do not follow the grievance policy and fail to answer grievances. Doc. No. 20. He states that jail staff choose some grievances to answer, and push "the ones they don't want under the rug." *Id.* at 1. He asserts generally that jail staff prevent him from following the grievance process by not responding and also by threatening him with disciplinary action, removal of personal property, and removal of phone and kiosk privileges should he attempt to grieve. He also claims he feared retaliation from Steffen, Hodge, and other jail staff "during the time frame this incident happen." *Id.* Voss' allegations were not made under oath.

The Court first notes that "[i]nmates do not have a constitutionally protected right to a grievance procedure. Because a ... grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the grievance procedure is not actionable under § 1983." *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). The Court also notes that while inmates must exhaust administrative remedies before they can file suit, exhaustion is not required if

"prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, __ U.S. __, 136 S.Ct. 1850, 1860 (2016). To the extent Voss claims that he was prevented from taking advantage of the grievance process at LCDC, that claim fails.

Voss' response to the motion for summary judgment does not establish that the grievance process was unavailable to him, thereby excusing the exhaustion requirement. Voss makes only general claims about the LCDC's grievance process in his response. He does not specifically allege that he filed a grievance claiming that Steffen failed to protect him from other inmates, nor does he allege that jail staff prevented him from filing or exhausting such a grievance. He does not claim that someone threatened him with some action if he filed a grievance with respect to his claims against Steffen. He does not claim that jail staff made misrepresentations about the grievance process to thwart him from filing or exhausting his failure to protect claim against Steffen. He does not claim that he was denied access to pen and paper or to the kiosk at which he could submit a grievance. And even if he did make such claims, they were not made in a sworn statement under penalty of perjury. There is simply no evidence before the Court that would support a finding that Voss' failure to exhaust was because the grievance procedure was unavailable to him. Additionally, any subjective belief held by Voss that filing a grievance or completing the grievance procedure would be futile does not excuse the requirement that he

exhaust his administrative remedies. *See Chelette v. Harris,* 229 F.3d 684, 688 (8th Cir. 2000) ("Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him.").

The undisputed facts establish that Voss filed one grievance about the March 22, 2019 attack. The LCDC grievance procedure requires inmates to "clearly describe all facts" in their grievance. Doc. No. 18-4 at 1. In Voss' grievance, he complained about getting "in trouble" after the attack, and complained in his appeal that the lockdown pod was left open. He did not claim that Steffen was aware of threats made against him but opened the pod door anyway. He did not claim that Steffen failed to protect him. Accordingly, the jail administrator and sheriff investigating the grievance had no cause to investigate any such claim against Steffen. Because Voss did not describe his allegations against Steffen in the one grievance he filed concerning the attack on March 22, 2019, he did not exhaust his administrative remedies before filing this lawsuit. Accordingly, there are no issues of material fact in dispute, and Steffen is entitled to summary judgment.

## IV.  Conclusion

Voss did not exhaust available administrative remedies before initiating this lawsuit. Accordingly, Steffen is entitled to summary judgment, and Voss' claims are hereby dismissed without prejudice.

DATED this 16th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE